UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

CATHERINE BRACHO

                                   Plaintiff,

                      -against-

THE CITY OF NEW YORK, POLICE OFFICER "JANE"
LEE, TAX REG. NO. 921491, AND SEVERAL
UNIDENTIFIED POLICE OFFICERS ASSIGNED TO
THE 43RD PRECINCT,

                                 Defendants.

------------------------------------------------------------------------ x

**ANSWER BY DEFENDANT CITY OF NEW YORK**

08 CV 1476 (DLC)

JURY TRIAL DEMANDED

        Defendant City of New York, by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the complaint, respectfully alleges, upon information and belief, as follows:

        1.     Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to proceed as stated therein.

        2.     Denies the allegations set forth in paragraph "2" of the complaint, except admits that plaintiff purports bring this action as stated therein.

        3.     Denies the allegations set forth in paragraph "3" of the complaint, except admits that plaintiff purports to invoke the Court's jurisdiction as stated therein.

        4.     Denies the allegations set forth in paragraph "4" of the complaint, except admits that plaintiff purports to base venue as stated therein.

        5.     Defendant states that the statement set forth in paragraph "5" of the complaint does not constitute an averment to which a response is required.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7. Denies the allegations set forth in paragraph "7" of the complaint, except admits that the City of New York is a municipal corporation organized pursuant to the laws of the State of New York.

8. Denies the allegations set forth in paragraph "8" of the complaint, except admits that the City of New York is a municipal corporation organized pursuant to the laws of the State of New York and that it maintains a police department, and respectfully refers the Court to the New York City Charter for a full recitation of the City's functions.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint.

10. Defendant states that the allegations set forth in paragraph "10" of the complaint are legal conclusions rather than averments of fact and, accordingly, no response is required.

11. Defendant states that the allegations set forth in paragraph "11" of the complaint are legal conclusions rather than averments of fact and, accordingly, no response is required.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint.

13. Defendant states that the allegations set forth in paragraph "13" of the complaint are legal conclusions rather than averments of fact and, accordingly, no response is required.

14. Defendant states that the allegations set forth in paragraph "14" of the complaint are legal conclusions rather than averments of fact and, accordingly, no response is required

15. Denies the allegations set forth in paragraph "15" of the complaint.

16. Denies the allegations set forth in paragraph "16" of the complaint.

17. Denies the allegations set forth in paragraph "17" of the complaint, except admit that plaintiff was arrested on or about December 22, 2006.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint.

20. Denies the allegations set forth in paragraph "20" of the complaint.

21. In response to the allegations set forth in paragraph "21" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" to "20" inclusive of this answer, as if fully set forth herein.

22. Defendant states that the allegations set forth in paragraph "22" of the complaint are legal conclusions rather than averments of fact and, accordingly, no response is required.

23. Denies the allegations set forth in paragraph "23" of the complaint.

24. Denies the allegations set forth in paragraph "24" of the complaint.

25. Denies the allegations set forth in paragraph "25" of the complaint.

26. Denies the allegations set forth in paragraph "26" of the complaint.

Case 1:08-cv-01476-DLC   Document 7   Filed 07/11/2008   Page 4 of 11

27. In response to the allegations set forth in paragraph "27" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" to "26" inclusive of this answer, as if fully set forth herein.

28. Denies the allegations set forth in paragraph "28" of the complaint.

29. Denies the allegations set forth in paragraph "29" of the complaint.

30. In response to the allegations set forth in paragraph "30" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" to "29" inclusive of this answer, as if fully set forth herein.

31. Denies the allegations set forth in paragraph "31" of the complaint.

32. Denies the allegations set forth in paragraph "32" of the complaint.

33. Denies the allegations set forth in paragraph "33" of the complaint.

34. Denies the allegations set forth in paragraph "34" of the complaint.

35. Denies the allegations set forth in paragraph "35" of the complaint.

36. Denies the allegations set forth in paragraph "36" of the complaint

37. Denies the allegations set forth in paragraph "37" of the complaint

38. Denies the allegations set forth in paragraph "38" of the complaint

39. Denies the allegations set forth in paragraph "39" of the complaint

40. Denies the allegations set forth in paragraph "40" of the complaint

41. Denies the allegations set forth in paragraph "41" of the complaint

42. In response to the allegations set forth in paragraph "42" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" to "41" inclusive of this answer, as if fully set forth herein.

43. Denies the allegations set forth in paragraph "43" of the complaint.

44. Denies the allegations set forth in paragraph "44" of the complaint, including all subparts thereto.

45. Denies the allegations set forth in paragraph "45" of the complaint.

46. Denies the allegations set forth in paragraph "46" of the complaint.

47. Denies the allegations set forth in paragraph "47" of the complaint.

48. Denies the allegations set forth in paragraph "48" of the complaint.

49. Denies the allegations set forth in paragraph "49" of the complaint, including all subparts thereto.

50. Denies the allegations set forth in paragraph "50" of the complaint.

51. In response to the allegations set forth in paragraph "51" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" to "50" inclusive of this answer, as if fully set forth herein.

52. Denies the allegations set forth in paragraph "52" of the complaint, except admits that a document purporting to be a Notice of Claim was received by the Comptroller's Office on or about March 23, 2007.

53. Denies the allegations set forth in paragraph "53" of the complaint, except admits that a document purporting to be a Notice of Claim was received by the Comptroller's Office on or about March 23, 2007 and that the purported claim has not been paid.

54. Denies the allegations set forth in paragraph "54" of the complaint, except admits that a 50-H hearing was conducted on or about July 6, 2007.

55. Denies the allegations set forth in paragraph "55" of the complaint, except admits that plaintiff filed his complaint in the instant action on or about February 13, 2008.

56. In response to the allegations set forth in paragraph "56" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" to "55" inclusive of this answer, as if fully set forth herein.

57. Denies the allegations set forth in paragraph "57" of the complaint.

58. Denies the allegations set forth in paragraph "58" of the complaint.

59. Denies the allegations set forth in paragraph "59" of the complaint.

60. In response to the allegations set forth in paragraph "60" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" to "59" inclusive of this answer, as if fully set forth herein.

61. Denies the allegations set forth in paragraph "61" of the complaint.

62. Denies the allegations set forth in paragraph "62" of the complaint.

63. Denies the allegations set forth in paragraph "63" of the complaint.

64. Denies the allegations set forth in paragraph "64" of the complaint.

65. In response to the allegations set forth in paragraph "65" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" to "64" inclusive of this answer, as if fully set forth herein.

66. Denies the allegations set forth in paragraph "66" of the complaint.

67. Denies the allegations set forth in paragraph "67" of the complaint.

68. Denies the allegations set forth in paragraph "68" of the complaint.

69. Denies the allegations set forth in paragraph "69" of the complaint.

70. Denies the allegations set forth in paragraph "70" of the complaint.

71. Denies the allegations set forth in paragraph "71" of the complaint.

72. Denies the allegations set forth in paragraph "72" of the complaint.

73. Denies the allegations set forth in paragraph "73" of the complaint.

74. Denies the allegations set forth in paragraph "74" of the complaint.

75. Denies the allegations set forth in paragraph "75" of the complaint.

76. Denies the allegations set forth in paragraph "76" of the complaint.

77. Denies the allegations set forth in paragraph "77" of the complaint.

78. In response to the allegations set forth in paragraph "78" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" to "77" inclusive of this answer, as if fully set forth herein.

79. Denies the allegations set forth in paragraph "79" of the complaint.

80. Denies the allegations set forth in paragraph "80" of the complaint.

81. In response to the allegations set forth in paragraph "81" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" to "80" inclusive of this answer, as if fully set forth herein.

82. Denies the allegations set forth in paragraph "82" of the complaint.

83. Denies the allegations set forth in paragraph "83" of the complaint.

84. Denies the allegations set forth in paragraph "84" of the complaint.

85. Denies the allegations set forth in paragraph "85" of the complaint.

86. Denies the allegations set forth in paragraph "86" of the complaint.

87. In response to the allegations set forth in paragraph "87" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" to "86" inclusive of this answer, as if fully set forth herein.

88. Denies the allegations set forth in paragraph "88" of the complaint.

89. Denies the allegations set forth in paragraph "89" of the complaint.

90. Denies the allegations set forth in paragraph "90" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

91. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

92. Defendant City has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof or any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

93. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties, and was not the proximate result of defendant City.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

94. The actions of any police officers involved were justified by probable cause and/or reasonable suspicion.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

95. Plaintiff may have failed to comply with conditions precedent to suit.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

96. Plaintiff's claims may be barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

97. Plaintiff provoked any incident.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

98. At all times relevant to the acts alleged in the complaint, the duties and functions of the defendant City's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City is entitled to governmental immunity from liability.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

99. Punitive damages cannot be assessed against the City of New York.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

100. Plaintiff's claims may be barred in part by the applicable period of limitations.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

101. To the extent that the complaint alleges any claims against the City of New York arising under state law, such claims are barred by the doctrine of immunity for judgmental errors in the exercise of governmental functions.

**WHEREFORE,** defendant City of New York requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
        July 11, 2008

                              MICHAEL A. CARDOZO
                              Corporation Counsel of the
                                City of New York
                              Attorney for Defendant City of New York
                              100 Church Street, Room 3-219
                              New York, New York 10007
                              (212) 788-1276

                By: _____
                              Caryn Rosencrantz (CR 3477)
                              Assistant Corporation Counsel
                              Special Federal Litigation Division

To:   Tracie A. Sundack, Esq.
      Attorney for Plaintiff
      19 Court Street, 3rd Floor
      White Plains, New York 10601
      (By ECF and First Class Mail)

Index No. 08 CV 1476 (DLC)

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CATHERINE BRACHO

         Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER "JANE" LEE, TAX REG. NO. 921491, AND SEVERAL UNIDENTIFIED POLICE OFFICERS ASSIGNED TO THE 43RD PRECINCT,

         Defendants.

---

**ANSWER**

---

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
 *Attorney for Defendant City of New York*
 *100 Church Street*
 *New York, N.Y. 10007*

*Of Counsel: Caryn Rosencrantz*
*Tel: (212) 788-1276*
*NYCLIS No.*

---

*Due and timely service is hereby admitted.*

*New York, N.Y. .............................................., 2006*

*.................................................................... Esq.*

*Attorney for ......................................................*