UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
CATHERINE BRACHO,

                         Plaintiff,

        -against-

THE CITY OF NEW YORK, SERGEANT MELISSA
LEE, TAX SHIELD NO. 22729, AND SEVERAL
UNIDENTIFIED POLICE OFFICERS ASSIGNED
TO THE 43RD PRECINCT,

                         Defendants.
------------------------------------------------------------------------X

Index No.:
08-CV-1476 (DLC)

**COMPLAINT
AND JURY
DEMAND**

      Plaintiff CATHERINE BRACHO by his attorneys, TRACIE A. SUNDACK & ASSOCIATES, L.L.C., complaining of the Defendants, THE CITY OF NEW YORK, SERGEANT MELISSA LEE, SHIELD NO. 22729 AND SEVERAL UNIDENTIFIED POLICE OFFICERS ASSIGNED TO THE 43RD PRECINCT, respectfully alleges as follows:

## PRELIMINARY STATEMENT

      1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States. Plaintiff also asserts supplemental state law tort claims.

## JURISDICTION

      2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Sixth, Eight and Fourteenth Amendments to the United States Constitution.

      3. Jurisdiction is founded under 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

      4. Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

      5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed.

R. Civ. P. 38(b).

## PARTIES

6. Plaintiff CATHERINE BRACHO is a white female, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

7. Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the General Municipal Law of the State of New York.

8. Defendant THE CITY OF NEW YORK maintains the New York City Police Department, including all the police officers thereof, a duly authorized police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction, control and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

9. That at all times hereinafter mentioned, Defendant SERGEANT MELISSA LEE, SHIELD NO. 22729, was employed by Defendant THE CITY OF NEW YORK as a police officer.

10. That at all times hereinafter mentioned, Defendant SERGEANT MELISSA LEE, SHIELD NO. 22729, acted within the scope of her employment for Defendant THE CITY OF NEW YORK.

11. That at all times hereinafter mentioned, DefendantS ERGEANT LEE, SHIELD NO. 22729, was acting under the color and pretense of the statutes, ordinances, regulations, customs, and usages of the County, City, and State of New York, and under the authority of their office as police officers for said county, city and state.

12. That at all times hereinafter mentioned, Defendants SEVERAL UNIDENTIFIED POLICE OFFICERS ASSIGNED TO THE 43RD PRECINCT were employed by Defendant THE CITY OF NEW YORK as police officers.

13. That at all times hereinafter mentioned, Defendants SEVERAL UNIDENTIFIED POLICE OFFICERS ASSIGNED TO THE 43RD PRECINCT acted within the scope of their

employment for Defendant THE CITY OF NEW YORK.

14. That at all times hereinafter mentioned, Defendants SEVERAL UNIDENTIFIED POLICE OFFICERS ASSIGNED TO THE 43RD PRECINCT were acting under the color and pretense of the statutes, ordinances, regulations, customs, and usages of the County, City, and State of New York, and under the authority of their office as police officers for said county, city and state.

## FACTS

15. That on December 22, 2006, at approximately 9:30 a.m., Plaintiff CATHERINE BRACHO was lawfully on the sidewalk outside 1177 Castle Hill Avenue, in the County of Bronx, City and State of New York.

16. That, at the aforementioned time and place, Plaintiff CATHERINE BRACHO was stopped and suddenly accosted by members of the New York City Police Department including, but not limited to, Defendants SERGEANT MELISSA LEE, SHIELD NO. 22729, AND SEVERAL UNIDENTIFIED POLICE OFFICERS ASSIGNED TO THE 74RD PRECINCT.

17. That, at the aforementioned time and place, Defendants SERGEANT MELISSA LEE, SHIELD NO. 22729, AND SEVERAL UNIDENTIFIED POLICE OFFICERS ASSIGNED TO THE 73RD PRECINCT handcuffed Plaintiff CATHERINE BRACHO and placed her under arrest despite Defendants' knowledge that they lacked reasonable grounds or probable cause to do so.

18. That Plaintiff CATHERINE BRACHO was then transported to the 43rd Precinct of the New York City Police Department (900 Fteley Ave., Bronx, New York 10472), where she was held before being transported to Bronx Central Booking (215 East 161st Street, Bronx, New York) where her arrest was processed.

19. That Plaintiff CATHERINE BRACHO was subsequently arraigned, and following said arraignment, was released from custody at approximately 11:30 p.m..

20 As a result of the foregoing, Plaintiff CATHERINE BRACHO sustained, *inter alia*, emotional distress, embarrassment, humiliation, and deprivation of his constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

21. Plaintiff CATHERINE BRACHO repeats, reiterates, and realleges each and every paragraph of this complaint and further alleges:

22. All of the aforementioned acts of Defendants, their agents, servants and employees were carried out under the color of state law.

23. All of the aforementioned acts deprived Plaintiff CATHERINE BRACHO of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, in violation of 42 U.S.C. § 1983.

24. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

25. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

26. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

**SECOND CLAIM FOR RELIEF**
**FALSE ARREST/FALSE IMPRISONMENT UNDER 42 U.S.C. § 1983**

27. Plaintiff CATHERINE BRACHO repeats, reiterates, and realleges each and every paragraph of this complaint and further alleges:

28. As a result of the aforesaid conduct by the Defendants, Plaintiff CATHERINE BRACHO was subjected to an illegal, improper and false arrest by the Defendants and taken into custody and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

29. As a result of the foregoing, Plaintiff CATHERINE BRACHO's liberty was restricted for an extended period of time, she was put in fear for his safety, and she was humiliated and

subjected to handcuffing and other physical restraints, without probable cause.

### THIRD CLAIM FOR RELIEF
### MUNICIPAL LIABILITY

30. Plaintiff CATHERINE BRACHO repeats, reiterates, and realleges each and every paragraph of this complaint and further alleges:

31. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

32. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department included, but were not limited to a)

33. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well- being and constitutional rights of Plaintiff CATHERINE BRACHO.

34. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by Plaintiff CATHERINE BRACHO as alleged herein.

35. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by Plaintiff CATHERINE BRACHO as alleged herein.

36. Defendants, collectively and individually, while acting under the color of state law, were directly and actively involved in violating Plaintiff CATHERINE BRACHO'S constitutional rights.

37. All of the foregoing acts by defendants deprived Plaintiff CATHERINE BRACHO of federally protected rights including, but not limited to, the right:

A. Not to be deprived of liberty without due process;

B. To be free from seizure and arrest not based on probable cause

    C. To be free from unwarranted and malicious criminal prosecution;

    D. To be free from malicious abuse of process; and

    E. To receive equal protection under the law.

    38. As a result of the foregoing, Plaintiff CATHERINE BRACHO is entitled to compensatory damages in the sum of Five Hundred Thousand Dollars ($500,000.00) and is further entitled to punitive damages against the individual defendants in the sum of One Million Dollars ($1,000,000.00)

<b><u>PENDANT STATE CLAIMS</u></b>

    39. Plaintiff CATHERINE BRACHO repeats, reiterates and realleges each and every paragraph of this complaint and further alleges:

    40. That on or about March 20, 2007, within 90 days of the happening of the incident, but more than 30 days prior to the commencement of this action, Plaintiff CATHERINE BRACHO duly presented, served, and filed a Notice of Claim, in writing, upon the Comptroller of Defendant THE CITY OF NEW YORK, setting forth the name and post office address of claimant and his attorneys; the nature of the claim, the time when, the place where, and the manner in which the claim arose.

    41. That more than 30 days have elapsed since service of said Notices of Claim and payment or adjustment thereof has been neglected or refused on behalf of Defendants SERGEANT MELISSA LEE, SHIELD NO. 22729, AND SEVERAL UNIDENTIFIED POLICE OFFICERS ASSIGNED TO THE 43RD PRECINCT.

    42. Pursuant to General Municipal Law § 50-h, a municipal hearing concerning the claim of Plaintiff CATHERINE BRACHO was held on July 6, 2007.

    43. This action is commenced within one year and ninety days after the cause of action arose.

<b><u>FIRST CLAIM FOR RELIEF UNDER NEW YORK STATE LAW<br>FALSE ARREST</u></b>

    44. Plaintiff CATHERINE BRACHO repeats, reiterates and realleges each and every paragraph of this complaint and further alleges:

45. Defendant police officers arrested Plaintiff CATHERINE BRACHO in the absence of probable cause and without a warrant.

46. As a result of the aforesaid conduct by Defendants, Plaintiff CATHERINE BRACHO was subjected to an illegal, improper and false arrest by the Defendants and taken into custody and caused to be falsely imprisoned, detained confined, incarcerated and prosecuted by the defendants in criminal proceedings.

47. The aforesaid actions by the Defendants constituted a deprivation of Plaintiff CATHERINE BRACHO's rights.

## SECOND CLAIM FOR RELIEF UNDER NEW YORK STATE LAW
## FALSE IMPRISONMENT

48. Plaintiff CATHERINE BRACHO repeats, reiterates and realleges each and every paragraph of this complaint and further alleges:

49. As a result of the foregoing, Plaintiff CATHERINE BRACHO was falsely imprisoned, her liberty was restricted for an extended period of time, she was put in fear for her safety, and she was humiliated and subjected to handcuffing and other physical restraints.

50. Plaintiff CATHERINE BRACHO was conscious of said confinement and did not consent to same.

51. The confinement of Plaintiff CATHERINE BRACHO was without probable cause and was not otherwise privileged.

52. As a result of the aforementioned conduct, Plaintiff CATHERINE BRACHO has suffered physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

## THIRD CLAIM FOR RELIEF UNDER NEW YORK STATE LAW
## NEGLIGENT HIRING AND RETENTION

53. Plaintiff CATHERINE BRACHO repeats, reiterates, and realleges each and every paragraph of this complaint and further alleges:

54. That Defendant THE CITY OF NEW YORK was careless and reckless in hiring and retaining as and for its employees DefendantsSERGEANT MELISSA LEE, SHIELD NO. 22729,

AND SEVERAL UNIDENTIFIED POLICE OFFICERS ASSIGNED TO THE 43RD PRECINCT in that said defendant employees lacked the experience, deportment and ability to be employed by Defendant THE CITY OF NEW YORK; in that Defendant THE CITY OF NEW YORK failed to exercise due care and caution in its hiring practices, and in particular, in hiring the defendant employees who lacked the mental capacity and the ability to function as employees of Defendant THE CITY OF NEW YORK; in that the defendant employees lacked the maturity, sensibility and intelligence to be employed by Defendant THE CITY OF NEW YORK; in that Defendant THE CITY OF NEW YORK knew of the lack of ability, experience, deportment and maturity of said defendant employees when they hired them to be employees; and, in that Defendant THE CITY OF NEW YORK, its agents, servants and/or employees were otherwise careless, negligent and reckless.

55. Defendant THE CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the DefendantsSERGEANT MELISSA LEE, SHIELD NO. 22729, AND SEVERAL UNIDENTIFIED POLICE OFFICERS ASSIGNED TO THE 43RD PRECINCT to engage in the wrongful conduct heretofore alleged in this Complaint.

### FOURTH CLAIM FOR RELIEF UNDER NEW YORK STATE LAW
### NEGLIGENT TRAINING AND SUPERVISION

56. Plaintiff CATHERINE BRACHO repeats, reiterates, and realleges each and every paragraph of this complaint and further alleges:

57. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

58. The aforementioned conduct was committed by the individual Defendants while acting within the scope of their employment by Defendant THE CITY OF NEW YORK.

59. The aforementioned conduct was committed by the individual Defendants while acting in furtherance of their employment by Defendant THE CITY OF NEW YORK.

60. The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to Plaintiff CATHERINE BRACHO.

61. As a result of the aforementioned conduct, Plaintiff CATHERINE BRACHO suffered

severe emotional distress, and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

## FIFTH CLAIM FOR RELIEF UNDER NEW YORK STATE LAW
## NEGLIGENT TRAINING AND SUPERVISION

62. Plaintiff CATHERINE BRACHO repeats, reiterates, and realleges each and every paragraph of this complaint and further alleges:

63. The failure of Defendant THE CITY OF NEW YORK to adequately train, supervise, discipline or in any way control the behavior of Defendants SERGEANT MELISSA LEE, SHIELD NO. 22729, AND SEVERAL UNIDENTIFIED POLICE OFFICERS ASSIGNED TO THE 43RD PRECINCT, in the exercise of their employment functions, and their failure to enforce the laws of the State of New York and the regulations of Defendant THE CITY OF NEW YORK is evidence of the reckless lack of cautious regard for the rights of the public including Plaintiff CATHERINE BRACHO.  Further, the Defendants exhibited a lack of that degree of due care which prudent and reasonable individuals would show.

64. The failure of Defendant, THE CITY OF NEW YORK, to train, supervise, discipline or in any other way control Defendants SERGEANT MELISSA LEE, SHIELD NO. 22729, AND SEVERAL UNIDENTIFIED POLICE OFFICERS ASSIGNED TO THE 43RD PRECINCT, in the exercise of their employment functions and their failure to enforce the laws of the State of New York and the regulations of Defendant THE CITY OF NEW YORK, was carried out willfully, wantonly, maliciously and with such reckless disregard for the consequences as to display a conscious disregard for the dangers of harm and injury to the citizens of New York, including Plaintiff CATHERINE BRACHO.

65. As a result of the foregoing, Plaintiff CATHERINE BRACHO is entitled to compensatory damages in the sum of Five Hundred Thousand Dollars ($500,000.00) and is further entitled to punitive damages against the individual defendants in the sum of One Million Dollars ($1,000,000.00)

WHEREFORE Plaintiff CATHERINE BRACHO demands judgment against

Defendants THE CITY OF NEW YORK, SERGEANT MELISSA LEE, SHIELD NO. 22729, AND SEVERAL UNIDENTIFIED POLICE OFFICERS ASSIGNED TO THE 43RD PRECINCT, jointly and severally, in the amount of Five Hundred Thousand Dollars ($500,000.00) in compensatory damages and One Million Dollars ($1,000,000.00) in punitive damages, plus reasonable attorney's fees, costs and disbursements of this action.

Dated: White Plains, New York
       July 23, 2008

 

TRACIE A. SUNDACK & ASSOCIATES, L.L.C.
By: Tracie A. Sundack (TS-7778)
Attorneys for Plaintiff
CATHERINE BRACHO
19 Court Street, 3rd Floor
White Plains, New York 10601
(914) 946-8100